Mary Jo O'Neill, AZ Bar No. 005924
Andrea G. Baran, MO Bar No. 46520
Meenoo Chahbazi, DC Bar No. 494651
**Equal Employment Opportunity Commission**
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012
Telephone:  602-640-5061
Email:  mary.oneill@eeoc.gov
         andrea.baran@eeoc.gov
         meenoo.chahbazi@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| Plaintiff, | ) Complaint ) ) |
| vs. | ) ) |
| Los Muchachos, LLC, d/b/a Casey Jones Grill | ) (Jury Demand) ) ) |
| Defendants. | ) ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex, and to provide appropriate relief to Sarah Seghers, who was adversely affected by such practices.  The Commission alleges that Defendant, Los Muchachos L.L.C. d/b/a Casey Jones Grill (hereinafter "Defendant" or "Casey Jones") discriminated against Sarah Seghers on the basis of her sex, female, by subjecting her to sex-based and sexual harassment that created a hostile work environment, retaliation because she complained about the harassment, and discharge or constructive discharge because of her sex, female,

and in retaliation for her complaints. The Commission also alleges that Defendant failed to make and preserve documents in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (f)(1) and(3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Los Muchachos L.L.C, doing business as Casey Jones Grill, has continuously been an Arizona company doing business in the State of Arizona, and has continuously had at least 15 employees.

5. At all relevant times, Los Muchachos L.L.C, doing business as Casey Jones

Grill, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## **STATEMENT OF CLAIMS**

7. More than thirty days prior to the institution of this lawsuit, Sarah Seghers filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Charging Party Sarah Seghers was employed by Casey Jones.

9. At all relevant times, Nick Karendreas was the sole member of Los Muchachos L.L.C. and the owner and manager of Casey Jones.

10. Since at least May 2010, Defendant has engaged in unlawful employment practices at its Phoenix, Arizona facility in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a). These practices include the sex-based and sexual harassment of Sarah Seghers, which created a hostile work environment for her based on her sex, female and Ms. Seghers's discharge or constructive discharge because of her sex and in retaliation for her complaints of harassment. These practices include, but are not limited to:

    a) regularly calling Ms. Seghers and other female employees names including, but not limited to, "stupid bitch," "fucking princess" and "fucking drama queen";

    b) treating Ms. Seghers and other female employees in a demeaning manner by physically intimidating them;

   c)  ordering Ms. Seghers and other female employees to dance on a "stripper pole" to entertain Mr. Karendreas and his friends and customers.

11. Since at least May 2010, Defendant has engaged in unlawful employment practices at its Phoenix, Arizona facility in violation of Section 704(a) of Title VII, 42 U.S.C. §§2000e-3(a). These practices include retaliation against Sarah.Seghers after she complained about sex-based and sexual harassment and Ms. Seghers's discharge or constructive discharge because of her sex and in retaliation for her complaints of harassment. These practices include, but are not limited to:

   a)  after Ms. Seghers complained about the discriminatory treatment, Mr. Karendreas and other employees intimidated Ms. Seghers and subjected her to additional harassment and discriminatory treatment;

   b)  less than one month after Ms. Seghers complained about the discriminatory treatment, Mr. Karendreas screamed at her and told her "there's the door";

   c)  Defendant discharged or, in the alternative, constructively discharged, Ms. Seghers because of her sex, female, and in retaliation for her complaints of harassment and discriminatory treatment.

12. Since approximately July 2010, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records

relevant to the determination of whether unlawful employment practices have been or are being committed.

13. The unlawful conduct set forth in paragraphs 10 – 12 above includes, but is not limited to, discriminatory treatment by Defendant's owner, Nick Karendreas, and other employees.

14. The effect of the practices complained of in paragraphs 10 - 12 above has been to deprive Sarah Seghers of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

15. The unlawful employment practices complained of in paragraphs 10 - 12 above were intentional.

16. The unlawful employment practices complained of in paragraphs 10 - 12 above were done with malice and/or with reckless indifference to the federally protected rights of Sarah Seghers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in the harassment of employees because of sex, from retaliating against employees who complain about or report discrimination or harassment, from discharging or constructively discharging employees because of sex, and any other employment practice which discriminates against any individual on the basis of sex.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of sex and which eradicate the effects of their past and present unlawful employment practices.

  C. Order Defendant to make whole Sarah Seghers by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement of Sarah Seghers.

  D. Order Defendant to make whole Sarah Seghers by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 through 16 above, in amounts to be determined at trial.

  E. Order Defendant to make whole Sarah Seghers by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10 through 16 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Sarah Seghers punitive damages for its malicious conduct and/or reckless indifference described in paragraphs 10 through 16 above, in amounts to be determined at trial.

  G. Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this complaint.

RESPECTFULLY SUBMITTED this 27th day of September, 2011.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

s/ Andrea G. Baran
ANDREA G. BARAN
Supervisory Trial Attorney

        s/ Meenoo Chahbazi
        MEENOO CHAHBAZI
        Trial Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION, Phoenix District Office
        3300 N. Central Ave., Suite 690
        Phoenix, Arizona 85012

        Attorneys for Plaintiff

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the Trial Attorneys.**